IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-187-FL

| | |
|---|---|
| LAURICE INGRAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRESTON DERMATOLOGY & SKIN )<br>SURGERY CENTER, P.A., )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on plaintiff's motion for default judgment (DE 11) and defendant's motion to set aside entry of default (DE 13). Defendant's motion has been briefed fully, and defendant did not respond to plaintiff's motion. In this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

Plaintiff initiated this matter with complaint filed March 25, 2024. He claims defendant terminated his employment in retaliation for reports of defendant's misconduct related to submission of false bills to Medicare, in violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h) and constituting common law wrongful discharge. Plaintiff seeks compensatory and punitive damages, costs, attorneys' fees, and interest.

Plaintiff's initial affidavit of service, filed May 17, 2024, was deficient where the certified mail return receipt was not signed. Following notification of this deficiency, plaintiff filed second

affidavit of service June 24, 2024, in which the affiant Alivia Canter testified that she "hand-delivered a copy of the Summons and Complaint in this matter to the person apparently in charge of the office of Sheel Desai Solomon, M.D., located at 1010 High House Road, Suite 300, Cary, North Carolina 27513," and she "know[s] Sheel Desai Solomon, M.D., to be a director of Defendant Preston Dermatology & Skin Center, P.A. (a North Carolina Professional Corporation) based on the Defendant's Articles of Incorporation filed with the North Carolina Secretary of State." (Aff. (DE 6) ¶¶ 3, 4).

When defendant did not appear in this matter, the clerk directed plaintiff to proceed in accordance with Rule 55(a). Accordingly, plaintiff moved for entry of default October 16, 2024, and the clerk entered default November 18, 2024. When defendant again did not appear, the clerk directed plaintiff to proceed in accordance with Rule 55(b). Accordingly, plaintiff filed the instant motion for default judgment January 28, 2025, relying on declaration of plaintiff.

Counsel for defendant filed notice of appearance February 3, 2025, and defendant filed the instant motion to set aside default February 24, 2025, relying on email from defendant's former counsel Edward S. Schenk, III ("Schenk") to plaintiff's counsel (DE 14-1) and declaration of attorney Camden R. Webb ("Webb") (DE 15). Plaintiff responded in opposition March 24, 2025, relying upon email correspondence between plaintiff's counsel and Schenk. Defendant filed sworn declaration by defendant's director Sheel Desai Solomon ("Solomon") and proposed answer March 27, 2025, followed by reply April 9, 2025.

**COURT'S DISCUSSION**

A.  Motion to Set Aside Entry of Default (DE 13)

A "court may set aside entry of default upon a showing of good cause." Fed. R. Civ. P. 55(c). When deciding whether to set aside default, a district court should consider factors such as

2

whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the adversary party, whether there is a history of dilatory action, and the availability of sanctions less drastic than entry of default. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 205 (4th Cir. 2006) (hereinafter, the "Payne factors"). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010); see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.").

Regarding the first Payne factor, in determining whether there is a meritorious defense for purposes of setting aside a default, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir.1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party.").

In the instant motion, defendant asserts that plaintiff did not engage in any protected activity and was terminated for legitimate and non-retaliatory reasons. Defendant substantiates these assertions with Solomon's sworn declaration. (See Solomon Dec. (DE 21) ¶ 16). Because these assertions, if believed, would permit the factfinder to find in defendant's favor, defendant has established a meritorious defense. See Moradi, 673 F.2d at 727.

The second Payne factor of reasonable promptness does not weigh against defendant. Here, defendant's motion to set aside default was filed approximately three months after the clerk's entry of default. Although plaintiff points to other cases in which delays of less than three months were found not reasonable, the court's determination of reasonableness must be made "in light of the facts and circumstances of each occasion." Moradi, 673 F.2d at 727; see Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (allowing case to proceed on the merits despite ten-month delay before motion to set aside default). Defendant's delay here was not unreasonable under the circumstances, particularly where Schenk separated from his firm 12 days after default was entered and did not inform defendant or his firm of the status of this matter. (See Solomon Dec. (DE 21) ¶¶ 12-13).

Turning to the third Payne factor, the court considers whether the delay in responding was the fault of the party or the party's attorney. Where a party bears personal responsibility for a delay in responsive pleadings such that default is entered against it, the party "must adequately defend its conduct in order to show excusable neglect." Augusta Fiberglass Coatings, Inc., 843 F.2d at 811. For example, a party's neglect is inexcusable when that party intentionally makes itself unavailable for months during the pendency of a suit in hopes of avoiding judicial consequences, Home Port Rentals, Inc. v. Ruben, 957 F.2d 126 (4th Cir. 1992), or inexplicably loses the summons and complaint after service, Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987). However, "when a party is blameless and the attorney is at fault . . . , default judgment should ordinarily be set aside." Augusta Fiberglass Coatings, Inc., 843 F.2d at 811.

Defendant asserts that its failure to timely respond to the complaint and motions in this matter is the fault of its former attorney, Schenk. Solomon engaged Schenk to represent defendant's interests in response to a demand letter from plaintiff. (Solomon Dec. (DE 21) ¶ 3).

4

Solomon believed Schenk "would protect the Defendant's interests in what [it] considered to be a frivolous action." (Id. ¶ 11). In addition to not filing response to complaint or motions in this matter, Schenk did not advise Solomon that he was separating from his firm in November 2024, and did not alert anyone else at the firm of this matter prior to his separation. (Id. ¶¶ 12-13). Defendant's current counsel learned of the status of this matter through a staff member's periodic review of Schenk's inactive email. (Webb Dec. (DE 15) ¶ 3). Based on Webb's and Solomon's declarations, defendant's delay in this matter appears to be the fault of its former attorney. Plaintiff argues defendant must share responsibility for the default with Schenk. However, there is no indication defendant made itself unavailable or otherwise intentionally avoided participating in this action.

Regarding prejudice to the parties, plaintiff will not suffer any prejudice by litigating his claims on the merits. "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." Colleton, 616 F.3d at 418. Neither the protraction of proceedings nor the time and expense of a new trial are unfairly prejudicial. See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). Indeed, "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." Colleton, 616 F.3d at 419. Plaintiff argues that the court should "assume that additional modification of digital evidence, either intentional or unintentional, has occurred in the year since this lawsuit was filed." (Resp. (DE 20) at 10). Where doubts must be resolved in favor of setting aside default, the court declines to make such an assumption.

Next, although there is a significant history of dilatory action by defendant's former attorney, as discussed above, such delay was not the fault of defendant.

5

Finally, there are less drastic alternatives to entry of default favored in this circuit. See, e.g., Lolatchy, 816 F.2d at 953 ("The attorney, for example, could have been charged with all costs and expenses attendant to the delay, including attorneys' fees, or even held in contempt of court."). Although Schenk is not before the court, the court is not powerless to fashion an appropriate sanction for plaintiff's time and expense in moving for entry of default and default judgment, upon an appropriate motion.

In sum, defendant has shown good cause to set aside entry of default under the factors set out in Payne, 439 F.3d at 204-05. Accordingly, its motion is granted.

B. Motion for Default Judgment (DE 11)

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton, 616 F.3d at 417. Where defendant's motion to set aside entry of default is allowed, and defendant has filed proposed answer, resolution on the merits is possible, and default judgment is not appropriate. Accordingly, plaintiff's motion is denied.

## CONCLUSION

Based on the foregoing, defendant's motion to set aside default (DE 13) is GRANTED. Plaintiff's motion for default judgment (DE 11) is DENIED. Defendant is DIRECTED to file a responsive pleading within 14 days of entry of this order.

SO ORDERED, this the 27th day of May, 2025.

                                            LOUISE W. FLANAGAN
                                            United States District Judge

6

Case 5:24-cv-00187-FL    Document 24    Filed 05/27/25    Page 6 of 6